UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
SEATTLE DIVISION

| | |
|---|---|
| ROBERT ERICKSON, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>A PLACE FOR MOM, INC., a Delaware corporation,<br><br>Defendants. | No. C16-742<br><br>**COMPLAINT – CLASS ACTION**<br><br>DEMAND FOR JURY TRIAL |

Plaintiff Robert Erickson brings this Class Action Complaint and Demand for Jury Trial against A Place for Mom, Inc. ("Defendant" or "A Place for Mom") to stop its practice of making unauthorized calls to the telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. A Place for Mom is the largest senior living referral service in the United States and Canada.

2. Unfortunately for consumers, in an attempt to promote its services A Place for Mom conducted (and continues to conduct) a wide-scale telemarketing campaign the featured the

COMPLAINT
No. C16-742

- 1 -

repeated making of unsolicited calls to consumers' telephones—whose numbers appear on the National Do Not Call Registry—without consent, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

3. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of a putative Class of consumers (defined below) actual harm, including the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, the interference caused to their use and enjoyment of their phones, as well as the monies paid to their carriers for the receipt of such telephone calls.

4. The TCPA was enacted to protect consumers from unsolicited telephone calls exactly like those alleged in this case. In response to Defendant's unlawful conduct, Plaintiff files the instant lawsuit and seeks an injunction requiring Defendant to cease all unsolicited telephone calling activities to consumers registered on the National Do Not Call Registry and an award of statutory damages to the members of the Class under the TCPA, together with costs and reasonable attorneys' fees.

**PARTIES**

5. Plaintiff Robert Erickson is a natural person and citizen of the State of Arizona.

6. Defendant A Place for Mom, Inc. is a Delaware corporation with its principal place of business located at 701 5th Ave, Suite 3200, Seattle, WA 98104. A Place for Mom conducts business throughout this District, the State of Washington, and the United States.

**JURISDICTION AND VENUE**

7. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute. This Court has personal jurisdiction over A Place for Mom because it conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

8. Venue is proper in this District under 28 U.S.C. § 1391(b) because A Place for

COMPLAINT
No. C16-742
- 2 -
Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Mom is headquartered here, conducts significant amounts of business transactions within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## COMMON FACTUAL ALLEGATIONS

9. A Place for Mom is the largest senior living referral service in the United States and Canada. Using a nationwide network of more than 18,000 providers of senior living services, A Place for Mom helps families find options for independent living, home care, residential care homes, assisted living, specialized memory care and skilled nursing. A Place for Mom is paid by its participating service providers to find new residents and thus Defendant has an incentive to find and refer as many potential clients as possible.

10. Unfortunately for consumers, Defendant utilized (and continues to utilize) a sophisticated telephone dialing system to call homeowners *en masse* for the purpose of promoting its services.

11. Unfortunately, in Defendant's overzealous marketing attempts, it placed (and continues to place) phone calls to consumers that never provided consent to be called and to consumers with whom it had no relationship. Worse yet, Defendant placed (and continues to place) repeated and unwanted calls to consumers whose telephone numbers are listed on the National Do Not Call Registry. Consumers place their phone numbers on the Do Not Call Registry for the express purpose of avoiding unwanted telemarketing calls like those alleged here.

12. Not surprisingly, these practices have led to significant backlash from consumers:[1]

- Two calls so far today which I did not answer. Also did not request info about retirement homes. Am in do not call list but it doesn't seem to make any difference. Still get a lot of robo calls.

- these people called me 5 times asking for steven someone or other I told them to stop calling me 45 minutes later they show up in my voicemail, I have filed a

---

[1] *See, e.g.*, 800notes for 888-857-0796, http://800notes.com/Phone.aspx/1-888-857-0796 (last visited May 23, 16); WhoCallsMe.com, http://whocallsme.com/Phone-Number.aspx/8888570796 (last visited May 23, 16).

COMPLAINT
No. C16-742
- 3 -
Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

- complaint with the do not call registry.

- They must cal [sic] 3-4 times a day and do not leave a message. My parents have been dead for almost 10 years, my wife's parents even longer. No clue why they think I or my wife need senior care.

- The number 888-857-0796 they keep calling and calling I have not requested any information from them. Sent a text message for them to stop they will not just keeps calling.

- They sponsored an "orientation" for seniors at the local Country Club. We gave out a fake phone number when we booked the reservation thinking we would be okay. Wrong! They seem to have pulled our correct number, and here comes the calls!.

- They call 4-5 times a day on a cell phone I just got 3 weeks ago. Don't know who it is & do not answer it.

13. Defendant knowingly made (and continues to make) these telemarketing calls without the prior express consent of the call recipients and knowingly continues to call them after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

**PLAINTIFF ERICKSON'S EXPERIENCE**

14. Starting on April 3, 2016, Plaintiff received a series of telephone calls on his landline telephone from (888) 857-0796.

15. For the calls received on April 3, 2016, the caller ID specifically displayed Defendant's phone number, (888) 857-0796, on Plaintiff's phone. Plaintiff spoke to a telemarketer/operator who indicated the maker of the call was A Place for Mom.

16. The telemarketer wanted to offer Plaintiff a referral for geriatric services. Plaintiff told the operator that he was on the National Do Not Call Registry and that A Place for Mom should not call him again.

17. Later that same day, Plaintiff received two additional calls from Defendant in which the caller ID again displayed Defendant's phone number, (888) 857-0796. Plaintiff answered the phone each time and told the telemarketer that he was on the National Do Not Call Registry and that Defendant should stop calling him.

COMPLAINT
No. C16-742

- 4 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

18. On April 5, 2016, Plaintiff received a fourth phone call from Defendant in which the caller ID again displayed Defendant's phone number, (888) 857-0796. Plaintiff again answered the phone and told the telemarketer that he was on the National Do Not Call Registry and that Defendant should stop calling him.

19. In 2014, Plaintiff confirmed that his landline telephone number was registered with the National Do Not Call Registry for the express purpose of avoiding telemarketing calls like those alleged here. In fact, Plaintiff's phone number called by Defendant in this case has been registered with the Do Not Call Registry since 2011.

20. Plaintiff did not provide his prior express consent to receive calls from Defendant A Place for Mom and was not in the market for senior services.

## CLASS ALLEGATIONS

21. **Class Definition**: Plaintiff brings this action pursuant to Fed. R. Civ. P. 23 on behalf of himself and a Class of similarly situated individuals, defined as follows:

> All individuals in the United States who: (1) received more than one telephone call made by or on behalf of Defendant within a 12-month period; (2) to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days; and (3) for whom Defendant claims it obtained consent to call in the same manner as Defendant claims it obtained prior express consent to call the Plaintiff.

The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) A Place for Mom, A Place for Mom's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and A Place for Mom's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons. Plaintiff anticipates the potential need to amend the class

COMPLAINT
No. C16-742
- 5 -
Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

definition following discovery regarding the size and scope of the class and the identities of any third parties who made the calls on Defendant's behalf.

22. **Numerosity**: The exact size of the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant made telephone calls to thousands of consumers who fall within the definition of the Class. Members of the Class can be easily identified through Defendant's records.

23. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

(a) Whether Defendant's conduct violated the TCPA;

(b) Whether Defendant systematically made telephone calls to consumers who did not previously provide Defendant and/or its agents with their prior express consent to receive such phone calls;

(c) Whether Defendant systematically made repeated telephone calls to consumers whose telephone numbers were registered with the National Do Not Call Registry; and

(d) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

24. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

25. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

26. **Policies Generally Applicable to the Class**: This class action is appropriate for

COMPLAINT
No. C16-742

- 6 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class members and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the Class members uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

27. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Not only is joinder of all parties impracticable, the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*.**

(on behalf of Plaintiff and the Class)

28. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

29. 47 U.S.C. § 227(c) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to

COMPLAINT
No. C16-742

- 7 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

avoid receiving telephone solicitations to which they object.

30.     The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or his telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the federal government." *See* 47 C.F.R. § 64.1200(c).

31.     47 C.F.R. § 64.1200(e), provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" which the Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

32.     47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entitles making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives

COMPLAINT
No. C16-742

- 8 -

Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .

(4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

(5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made.

33. Defendant made more than one unsolicited telephone call to Plaintiff and members of the Class within a 12-month period without their prior express consent to place such calls. Plaintiff and members of the Class never provided any form of consent to receive telephone calls from Defendant, and/or Defendant does not have a record of consent to place telemarketing calls to them.

34. Defendant violated 47 C.F.R. § 64.1200(d) by initiating calls for telemarketing purposes to residential and wireless telephone subscribers, such as Plaintiff and the Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a list of persons who request not to receive telemarketing calls from them. On information and belief, at the time this case has been filed Defendant has no written policy,

COMPLAINT
No. C16-742
- 9 -
Law Offices of
Clifford A. Cantor, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

available on demand, for maintaining a do-not-call list and has not adequately trained its personnel engaged in any way in telemarketing in the existence and use of any such list.

35. Defendant violated 47 U.S.C. § 227(c)(5) because Plaintiff and the Class received more than one telephone calls in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200, as described above. As a result of Defendant's conduct as alleged herein, Plaintiff and the Class suffered actual damages and, under section 47 U.S.C. § 227(c), are each entitled, inter alia, to receive up to $500 in damages for such violations of 47 C.F.R. § 64.1200.

36. To the extent Defendant's misconduct is determined to be willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by the members of the Class.

## REQUEST FOR RELIEF

Plaintiff Robert Erickson, individually and on behalf of the Class, request the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Robert Erickson as the representative of the Class, and appointing his counsel as Class Counsel;

B. An order declaring that A Place for Mom's actions, as set out above, constitute wrongful telemarketing and violate 47 U.S.C. § 227;

C. An award of injunctive and other equitable relief as necessary to protect the interests of the Class, including, *inter alia*, an order prohibiting A Place for Mom from engaging in the wrongful and unlawful acts described herein;

D. An award of actual and statutory damages;

E. An award of reasonable attorneys' fees and costs; and

F. Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

COMPLAINT
No. C16-742

- 10 -

LAW OFFICES OF
CLIFFORD A. CANTOR, P.C.
627 208th Ave. SE
Sammamish, WA 98074-7033
Tel: (425) 868-7813 ● Fax: (425) 732-3752

Dated: May 23, 2016

        Respectfully submitted,

        <u>s/ Cliff Cantor</u>
        By: Cliff Cantor, WSBA # 17893
        Law Offices of Clifford A. Cantor, P.C.
        627 208th Ave. SE
        Sammamish, WA 98074
        Tel:    (425) 868-7813
        Fax:   (425) 732-3752
        Email: cliff.cantor@outlook.com

        Steven L. Woodrow*
        Patrick H. Peluso*
        Woodrow & Peluso, LLC
        3900 East Mexico Ave., Suite 300
        Denver, CO 80210
        Tel:    (720) 213-0675
        Fax:   (303) 927-0809
        Email: swoodrow@woodrowpeluso.com
                 ppeluso@woodrowpeluso.com

        Stefan Coleman
        Law Offices of Stefan Coleman, P.A.
        201 S. Biscayne Blvd, 28th Floor
        Miami, FL 33131
        Tel:    (877) 333-9427
        Fax:   (888) 498-8946

        Attorneys for Plaintiff and the Class

        **Pro hac vice* application to be filed

COMPLAINT
No. C16-742

- 11 -